

NUMBER 13-10-00075-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THOMAS MOLONEY, INDIVIDUALLY AND
NUECES OCCUPATIONAL MEDICINE CLINIC,                    Appellants,

v.

JESUS RODRIGUEZ,                                              Appellee.

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion Per Curiam

The parties to this appeal have filed a joint motion to dismiss with prejudice. By their motion, the parties ask the Court to render judgment effectuating the parties' agreement including: (1) vacating the trial court's February 2, 2010 Order denying and overruling Defendants Thomas Moloney, Individually, and Nueces Occupational

Medicine Clinic's Motion to Dismiss; (2) dismissing all claims against Thomas Moloney, Individually, and Nueces Occupational Medicine Clinic, with prejudice; (3) denying appellants' request for attorney's fees; and (4) ordering that each party shall bear the costs they have incurred.

The Court has considered the motion and it is the Court's opinion that the motion should be granted in part and denied in part.[1]  Accordingly, without regard to the merits, we vacate the trial court's Order entered February 2, 2010, and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d).  In accordance with the agreement of the parties, costs are taxed against the party incurring same. *See* TEX. R. APP. P. 42.1(d).

PER CURIAM

Delivered and filed the
13th day of May, 2010.

---

[1] Rule 42.1(a)(2) permits the Court to render judgment effectuating the parties' agreements *or* to vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both.  *See* TEX. R. APP. P. 42.1(a)(2)(A),(B).  The parties have asked us to dismiss the appeal.  We cannot both vacate the trial court's judgment and dismiss the appeal.  *See* TEX. R. APP. P. 42.1(a)(2)(B); 43.2(d), (f).